### CONNELL v. HAVEY et al.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

MASTER AND SERVANT—EXISTENCE OF RELATION—EVIDENCE—INJURY TO THIRD PERSON.

The question of the credibility of the person who drove defendants' team into plaintiff, and whether at the particular time he was in their employ, so that they were liable for the injury, is for the jury, though he testified that he was laying off that afternoon, and that they had loaned the team to him to draw some wood to his own home; it appearing that he was in their employ as a teamster, both before and after the accident, being paid by the week, and that the wood was a small load of refuse from their premises, there being no evidence that he made use of the afternoon for his own purposes, save as it related to such load of wood, the time necessary to go to his home not being shown, and it appearing that at the time of the accident he was not driving towards his home.

Appeal from Trial Term.

Action by Patrick Connell against Sylvester L. Havey and another, individually and as executors of Peter H. Havey, deceased, composing the firm of Peter H. Havey & Sons. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Thomas F. Curran (William F. Bleakley, on the brief), for appellants.

Arthur J. Burns, for respondent.

WOODWARD, J. The plaintiff was driving a dump cart on New Main street, in the city of Yonkers, on the 2d day of November, 1904, and from the evidence it is clear that he was well toward the right-hand side of the street, driving north in the direction of Herriot street. He had a cart wheel upon his cart, which had just been repaired, and it appears that he was holding onto this wheel and driving with one hand; his horse going upon a walk. While thus proceeding the defendant's team, in charge of a driver, came down Herriot street, turned into New Main street, and collided with the plaintiff's cart, overturning the same. There was evidence from which the plaintiff's version of the accident might properly be found, and the only question important to be considered is that relating to the defendants' motion to dismiss the complaint upon the ground that the driver of defendants' team had borrowed the outfit for the purpose of drawing some wood to his own home, and that he was not, at the time of the accident, in the employ of the defendants.

Defendants' driver testified on his direct examination that he was laying off that afternoon, that the defendants had loaned him the team, and that he was taking a load of wood to his own home; and he was corroborated in this by one of the defendants. Upon the cross-examination, however, he admitted that at the time of the accident he was not driving in the direction of his home. It was undisputed that he was working for the defendants as their driver by the week, and that he had continued to work for them since that time; and, while he may have been taking the wood (some refuse left over after some repair work upon a building) to his own home, it was, under the circumstances, proper for the jury to determine whether he was in fact engaged solely in his own work, or whether the loaning of the team to draw the wood was not a mere incident to the cleaning up of the defendants' premises. We are of the opinion that this was not a case in which the court was bound to accept the testimony of a disinterested witness, undisputed, as conclusive. There was a question whether, under all the circumstances, the story of the witness that he was engaged in his own service was to be believed. He was in the employ of the defendants. He had been in their employ, both before and after the accident, and was paid by the week. Was it so entirely credible that he had assumed new relations in carrying a little load of refuse wood to his premises that he had become solely responsible for the

injuries to this plaintiff? We think not. It was not the way people usually do business under the circumstances. It would hardly be natural that a teamster, working at the ordinary weekly wages of such an employment, would give up half a day's employment to the carting of a load of wood estimated to weigh only about 1,000 pounds; and the proposition that the defendants had loaned him the team to draw this wood, while docking him for the wages of the afternoon, is hardly thinkable. There was no evidence that he made use of the afternoon for his own purposes, save in so far as it relates to this single load of wood, and no evidence of the time that was necessarily used in going to the driver's house. In fact, the circumstances are against the probability of the truth of the driver's story, and it was proper to submit the question of his credibility to the jury.

The judgment and order appealed from should be affirmed, with costs. All concur.